# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DON'TAE SMITH,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAMSON, *et. al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:22-cv-00446-MMD-CLB<br><br>**ORDER GRANTING MOTION TO STAY CASE AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO REFILE**<br><br>[ECF Nos. 11, 19] |

Before the Court is Plaintiff Don'tae Smith's ("Smith") motion to stay case. (ECF No. 19.) According to Smith's motion, he has been transferred from the Northern Nevada Correctional Center to the Southern Desert Correctional Center, and will be transferred again to a halfway house in Las Vegas. (*Id.*) Smith is requesting a 90 day stay of his case so he can have an opportunity to properly oppose the motion to dismiss and locate addresses/names for defendants that have yet to be served once he is released from Nevada Department of Corrections ("NDOC") custody. (*Id.*)

It is well established that district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Additionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* FED. R. CIV. P. 1.

To that end, the Court considers several articulated factors when deciding whether to stay a case: "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed" including the possible damage which may result from the

granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Court has considered these factors and finds, in the exercise of its sound discretion, that a brief stay of these proceedings for 90-days is appropriate given Smith's representation that he will be transferred to a halfway house and out of NDOC custody.

The Court additionally notes that pursuant to Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address ... Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1. Thus, Smith must file his notice of change of address once he has been transferred to the halfway house.

For good cause appearing, **IT IS ORDERED** that Smith's motion to stay case, (ECF No. 19), is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** for **90-days** from the date of this order, at which point the stay shall be automatically lifted.

**IT IS FURTHER ORDERED** that Smith shall file, upon his transfer to the halfway house and as soon as practicable, his updated address with the Court.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss, (ECF No. 11), is **DENIED WITHOUT PREJUDICE WITH LEAVE TO REFILE** upon the lifting of the stay.

**IT IS SO ORDERED.**

**DATED**: March 3, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**