UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DON'TAE SMITH,<br><br>                    Plaintiff,<br><br>v.<br><br>WILLIAMSON, *et al.*,<br><br>                    Defendants. | Case No. 3:22-cv-00446-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 28] |

       This case involves a civil rights action filed by Plaintiff Don'tae Smith ("Smith") against Defendants Dr. Larry Williamson ("Williamson"), Durant, W. Silva ("Silva"), H. White ("White"), and R. Garvey ("Garvey") (collectively referred to as "Defendants"). Currently pending before the Court is Williamson's motion to dismiss. (ECF No. 28.) Smith responded, (ECF No. 32), and Williamson replied. (ECF No. 33.) For the reasons stated below, the Court recommends that Williamson's motion to dismiss, (ECF No. 28), be granted.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

       Smith alleges multiple claims arising from an incident at Clark County Detention Center ("CCDC") in 2017. (ECF No. 4.) Specifically, on July 19, 2017, Smith was medically discharged from the University Medical Center ("UMC") in a wheelchair and into the custody of jail officials at CCDC. (*Id.* at 6.) Smith alleges UMC provided jail officials with Smith's discharge summary which explained that he was to be placed in a medical unit, not to engage in any strenuous activities, and should have assistance for the toilet and hygiene. (*Id.* at 6, 8.) Smith alleges he was placed in administrative segregation for two months, which was not in compliance with the Americans with Disabilities Act ("ADA"). (*Id.* at 6-9.) Smith further alleges that he was not evaluated or assessed while in

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

administrative segregation except for one occasion. On that occasion, Smith alleges Dr. Williamson stood 10 feet away from him, did not examine Smith's scars, and failed to make inquiries as to his physical and mental state. (*Id.*) Among other allegations, Smith alleges he was forced to sleep on the cell floor and crawl to use the toilet. (*Id.* at 10.) Finally, Smith alleges he was intentionally deprived of his wheelchair. (*Id.* at 12-14.)

On October 6, 2022, Smith submitted a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed in forma pauperis for events that occurred while Smith was incarcerated at CCDC. (ECF Nos. 1, 1-1.) On December 21, 2022, the District Court entered a screening order on Smith's complaint, allowing Smith to proceed on the following claims: (1) Fourteenth Amendment inadequate medical care; (2) Fourteenth Amendment conditions of confinement; and (3) intentional infliction of emotional distress ("IIED"). (ECF No. 3 at 9-10.) All claims are proceeding against Durant, Williamson, Silva, White, Garvey, and Doe jail officials. (*Id.*)

Previously, on June 25, 2019, Smith filed a civil rights complaint ("2019 Complaint") alleging the same issues as the instant complaint. *Smith v. Dr. Williamson, (2019 Case)* No. 3:19-cv-00357-MMD-CLB (D. Nev. filed June 25, 2019). However, the Court dismissed the 2019 Case for failure to file an updated address in compliance with a Court order on July 2, 2020. (ECF No. 5 (2019 Case).)

Williamson filed the instant motion to dismiss all claims against him on June 2, 2023. (ECF No. 28.) Williamson argues that dismissal is proper because: (1) Smith's complaint was filed after the expiration of the statute of limitations; (2) Smith fails to state claims upon which relief may be granted; and (3) Smith failed to exhaust his administrative remedies. (*Id.*) Smith filed a response on June 23, 2023, arguing that the statute of limitations had not run because "*pro se* litigants were excused the entire year of 2020 and the first six months of 2021, permitting plaintiff an extension of time to file any necessary pleadings." (ECF No. 32 at 3.) Smith also makes arguments that rely on the Americans with Disabilities Act ("ADA"). (*Id.* at 2.)

Williamson filed a reply on June 30, 2023. (ECF No. 33.) Williamson argues that

Smith failed to support his allegation that *pro se* litigants were given an extension of time to file pleadings nor does he dispute that over four years accrued towards the statute of limitations. (*Id.* at 3-4.) Williamson points out that Smith's arguments regarding the ADA are irrelevant, as Smith did not allege an ADA claim in his complaint. (*Id.* at 2-3.) Williamson also argues that, to the extent statements in Smith's response constitute an equitable tolling argument, Smith does not meet the requirements of an equitable tolling argument, nor does he provide evidence to support the claim. (*Id.* at 4-5.) Finally, Williamson argues that Smith did not deny he failed to state a claim or that he failed to allege he exhausted administrative remedies in his complaint. (*Id.* at 5-7.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint challenged "by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires plaintiff to provide actual grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally, a motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "view[ed] . . . in the light most favorable to the" nonmoving party. *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087 (9th Cir. 2021).

The Ninth Circuit has found that two principles apply when deciding whether a complaint states a claim that can survive a 12(b)(6) motion. First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the

factual allegations of the complaint, which are taken as true, "must plausibly suggest an entitlement to relief." *Id*. (emphasis added).

Dismissal is proper only where there is no cognizable legal theory or an "absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732). Additionally, the court takes particular care when reviewing the pleadings of a pro se party, because a less stringent standard applies to litigants not represented by counsel. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016).

A court can grant a motion to dismiss for failure to state a claim with leave to amend. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1113 (9th Cir. 2013). The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a)(2). Usually, leave to amend is only denied when it is clear the deficiencies of the complaint cannot be cured by amendment. *See Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Whatever the reason, the court must give an explanation for denying a party leave to amend. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). Futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

When resolving a motion to dismiss for failure to state a claim, a district court may not consider materials outside the complaint and the pleadings. *See Gumataotao v. Dir. of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001); *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). If, when reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the district court considers matters outside

the pleadings, then the motion is converted to a motion for summary judgment. *See Friedman v. Boucher*, 580 F.3d 847, 852 n.3 (9th Cir. 2009); *Anderson v. Angelone*, 86 F.3d 125 2022 932, 934 (9th Cir. 1996). However, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

### III. DISCUSSION

#### A. Statute of Limitations

"A statute of limitation defense may be raised by a motion to dismiss if the running of the limitation period is apparent on the face of the complaint." *Vaughan v. Grijalva*, 927 F.2d 476, 479 (9th Cir. 1991) (superseded by statute); *see also Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) (district court granted motion to dismiss the action as time-barred); *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). As 42 U.S.C. § 1983 contains no statute of limitations, federal courts apply the forum state's statute of limitations for personal injury claims to determine whether a complaint is timely filed. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000). Therefore, in Nevada, the statute of limitations for section 1983 actions is two years. *See* Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), cert. denied, 493 U.S. 860 (1989). Under the applicable statute of limitations, Smith had two years from the time of the alleged injury to commence the instance suit. *Id*. An action is deemed to be commenced when the complaint is filed. *Id*.

Federal courts should also borrow all applicable provisions for tolling the limitations period found in state law. *See Wallace*, 549 U.S. at 394; *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484– 85 (1980); *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020) ("Federal courts borrow from state law to determine any applicable statute of limitations for § 1983 claims, including tolling provisions."). Also, the "statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005); *see also Soto*, 882 F.3d at 872 ("This circuit has, with other circuits, adopted a mandatory

tolling provision for claims subject to the Prison Litigation Reform Act.")

A motion to dismiss based on the running of the statute of limitations period may be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980)). The Ninth Circuit has reversed dismissals where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993)*; Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1199 (9th Cir.1988); *Donoghue v. Orange County,* 848 F.2d 926, 931 (9th Cir.1987). While the statute of limitations can be tolled, this is a rare remedy that is warranted only in extraordinary circumstances. *See Wallace v. Kato*, 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."); *see also Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (Equitable tolling is warranted "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time"). However, the statute of limitations period must be tolled while a prisoner completes the mandatory exhaustion process. *Brown v. Valoff*, 422 F.3d 926, 942 (9th Cir. 2005).

In his complaint, Smith alleges the injuries occurred between July 17, 2017, and September 20, 2017. (ECF No. 4 at 1.) Therefore, viewed in the light most favorable to the nonmoving party, the date of the alleged injury and the start of statute of limitations calculations is September 20, 2017. *Lemmon*, 995 F.3d at 1087. In his response to the motion to dismiss, Smith alleges he fully exhausted the grievance process by submitting the grievance at the highest level on September 10, 2017. [2] (ECF No. 21 at 4.) The Court

---

[2]   Smith attaches grievances to his response to the motion to dismiss. (ECF Nos. 32-1, 32-2, 32-3, 32-4, 32-5.) The Court cannot use exhibits not included in the pleadings without converting the motion to dismiss into a motion for summary judgment unless the exhibits are documents "upon which the plaintiff's complaint necessarily relies" and the authenticity of the documents is uncontested. *See Friedman*, 580 F.3d at 852 n.3; *Parrino*

also takes judicial notice of the 2019 Complaint which states that Smith filed grievances at CCDC between July 21, 2017, and September 1, 2017. *Barron*, 13 F.3d at 1377; (ECF No. 1-1 at 14 (2019 Case).) Regardless of whether the administrative grievances were fully exhausted by September 1 or 10, 2017, the statute of limitations was not tolled due to the administrative grievance process beyond the start date of September 20, 2017. Therefore, Smith was required to file his claims on or before September 20, 2019.

Smith filed the 2019 Case, alleging claims related to these facts, on June 25, 2019. The time between the injury date and the filing of the 2019 Complaint was 643 days, leaving 87 days remaining before the limitation period expired. During the pendency of the 2019 Case, the statute of limitations was also tolled. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (citations omitted) ("Once a complaint is filed, the statute of limitations is tolled unless and until the district court dismisses the action."). Smith's 2019 Complaint was filed on June 25, 2019, and was dismissed on July 2, 2020. (ECF Nos. 1-1, 5 (2019 Case).) Therefore, the statute of limitations was tolled during that time for a total of 373 days. In order to file a new lawsuit within the applicable limitation period, Smith was required to file his new complaint within 460 days[3] of the dismissal of the 2019 Case, or by no later than October 5, 2021. However, the present complaint was filed on October 6, 2022 – over 1 year after the limitation period expired.[4]

---

*v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). In this case, the Court cannot utilize the grievances attached to Smith's response because Williamson takes issue with the authenticity of the documents in his reply brief. (ECF No. 33 at 7.)

[3]   460 days is calculated by adding the 373 days that case was tolled while the 2019 Case was pending and the 87 days remaining on the original limitations period.

[4]   Curiously, Williamson states the date the complaint was filed as December 22, 2022. (ECF No. 33 at 5.) The Court construes this as referring to the date the complaint was refiled by the Clerk of the Court as directed by the Court in its screening order on December 21, 2022. (ECF No. 4.) However, the Ninth Circuit case law explicitly states that an action is "brought" for purposes of the PLRA when the complaint is tendered to the district clerk, not when it is subsequently filed pursuant to the grant of a motion to proceed in forma pauperis. *Vaden v. Summerhill*, 449 F.3d 1047, 1150–51 (9th Cir. 2006).

Now, the Court must consider Smith's arguments that the statute of limitations was somehow tolled or did not expire prior to the filing of the current complaint. First, Smith argues that "*pro se* litigants were excused the entire year of 2020 and the first six months of 2021, permitting plaintiff an extension of time to file any necessary pleadings." (ECF No. 32 at 3.) Next, Smith alleges because he had "no [d]irect access to the courts, or prison Law Library for the year 2020 and the first six months of 2011, Plaintiff's current complaint should not be ruled as time board (sic)." (*Id.*) Both arguments lack merit.

Starting with Smith's first argument, Smith does not explain, nor can the Court find, any evidence of any type of blanket extension of time during 2020 and part of 2021 for *pro se* litigants to file lawsuits. In fact, the undersigned is unaware of any blanket policy exception or extension of time for filing lawsuits granted to *pro se* litigants or *pro se* inmates in the custody of the NDOC during this time period. Smith also does not provide legal authority to support his argument and the Court could not local any order from the District of Nevada or legal authority to support his claims. Therefore, the Court rejects this argument.

Moreover, Smith's argument that he was not required to file his lawsuit within the limitations period because he did not have access to the courts or the prison law library lacks merit. As a starting point, the Court takes judicial notice of the fact that *pro se* litigants, and particularly, *pro se* inmates were able to access the Court to file documents throughout 2020 and 2021. According to the Court's electronic filing system, over seven hundred § 1983 prisoner civil rights cases were filed by *pro se* inmates incarcerated at the NDOC during the time alleged – not including the various motions and other filings received from incarcerated individuals. Smith has not provided any evidence that he was entirely prohibited from filing this lawsuit or otherwise accessing the Court from July 2020, when the 2019 Case was dismissed, and October 2021, when the limitation period expired in this case. Therefore, Smith's arguments that the applicable statute of limitations

---

Therefore, the correct date is October 6, 2022, when the complaint was first filed. (ECF No. 1-1.)

was somehow tolled lack merit and are rejected.

Given the above, there are no set of facts Smith can prove that would establish the timeliness of his claims. *Supermail*, 68 F.3d at 1207 ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."). Therefore, the Court recommends Williamson's motion to dismiss be granted as to the statute of limitations claim.

Finally, the Court recommends that Smith not be given leave to amend his complaint. Usually, leave to amend is only denied when it is clear the deficiencies of the complaint cannot be cured by amendment. *See Chubb Custom Ins. Co.*, 710 F.3d at 956. Futility "alone can justify the denial of a motion for leave to amend." *Nunes*, 375 F.3d at 808 (citations omitted). Futility arises where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt.*, 522 F.3d at 1060. Here, because the complaint violates the statute of limitations, amendment would be futile and therefore the Court does not recommend allowing leave to amend. *Id.*

**B.    Failure to State a Claim**

Williamson also argues that Smith's suit should be dismissed for failure to factually state a claim upon which relief can be granted. (ECF No. 26 at 7-11.) On December 21, 2022, the Court screened Smith's complaint. (ECF No. 3.) Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, *fail to state a claim upon which relief may be granted*, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). After screening the

complaint, the Court found that Smith could proceed on three claims: Eighth Amendment deliberate indifference, Fourteenth Amendment conditions of confinement, and IIED. (ECF No. 3 at 9-10.)[5] In essence, Williamson is arguing that the Court incorrectly determined that Smith did state claim upon which relief may be granted in its screening order. The Court declines to revisit the screening of Smith's complaint and recommends denial of Williamson's motion to dismiss as to this argument.

### C. Exhaustion of Administrative Remedies

Williamson's final argument in his motion to dismiss is Smith failed to allege facts in his complaint showing he exhausted his administrative remedies.[6] (ECF No. 28 at 11-12.) Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requirement's underlying premise is to "reduce the quantity and improve the quality of prisoner suits" by affording prison officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524–25.

"[F]ailure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant bears the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino*, 747 F.3d at

---

[5] In fact, the Court specifically found that Smith "states a colorable Fourteenth Amendment inadequate medical care claim" and "states a colorable claim for Fourteenth Amendment conditions of confinement violations." (ECF No. 3 at 6-7.)

[6] As a threshold matter, the Court notes that in the Ninth Circuit, a motion for summary judgment will typically be the appropriate vehicle to determine whether an inmate has properly exhausted his or her administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014).

1172. If the defendant makes such a showing, the burden shifts to the inmate to "show there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172).

Williamson argues the motion to dismiss should be granted because Smith's complaint makes no allegations that he exhausted all available administrative remedies. (ECF No. 11-12.) However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. Additionally, although the Court cannot take notice of exhibits outside the pleadings in a motion to dismiss, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The Court takes judicial notice of the 2019 Complaint which states Smith exhausted his administrative grievances at CCDC. (ECF No. 1-1 at 14 (2019 Case).) Therefore, the Court recommends Williamson's motion to dismiss as to the issue of exhaustion be denied.

## IV.  CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Williamson's motion to dismiss, (ECF No. 28), be granted.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the

District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Williamson's motion to dismiss, (ECF No. 28), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **DISMISS** Williamson from this case.

**DATED**:   July 6, 2023   .

_____
**UNITED STATES MAGISTRATE JUDGE**