UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DON'TAE SMITH,<br><br>       Plaintiff,<br> v.<br>LARRY WILLIAMSON, *et al.*,<br><br>       Defendants. | Case No. 3:22-cv-00446-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Don'tae Smith brings this action against Defendants Larry Williamson, Durant, W. Silva, H. White, and R. Garvey under 42 U.S.C. § 1983. (ECF No. 4.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 34), recommending the Court grant Williamson's motion to dismiss[1] (ECF No. 28 ("Motion")). Objections to the R&R were due July 20, 2023. To date, neither party has objected to the R&R. For this reason, and as explained below, the Court adopts the R&R in full, and grants Williamson's Motion.

Because there were no objections, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations") (emphasis in original).[2]

Judge Baldwin correctly found that Plaintiff's claims are barred by the statute of limitations because the Complaint was filed more than a year after the limitations period

---

[1]Plaintiff filed a response (ECF No. 32), and Williamson filed a reply (ECF No. 33).

[2]The Court incorporates by reference and adopts Judge Baldwin's description of the case's background and procedural history. (ECF No. 34 at 1-3.)

expired. (ECF No. 34 at 7.) *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014). Plaintiff also failed to show that the limitations period was tolled or did not expire before the Complaint was filed. (*Id*. at 8.) Contrary to Plaintiff's representations, Judge Baldwin confirmed that there was no blanket COVID-19 policy in this district that excused *pro se* litigants from filing lawsuits in 2020 and part of 2021, and Plaintiff failed to provide any authority for support. (*Id*.) Moreover, despite Plaintiff's broad claim that he had no access to the courts or law library during this period, Judge Baldwin noted that over 700 prisoner civil rights cases were filed by *pro se* NDOC inmates during 2020 and 2021. (*Id*.) Hence, Plaintiff failed to show that he was wholly prevented from filing his lawsuit or accessing the courts. (*Id*.) *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). The Court therefore adopts Judge Baldwin's R&R in full and dismisses Williamson from this lawsuit.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 34) is accepted and adopted in full.

It is further ordered that Defendant Larry Williamson's motion to dismiss (ECF No. 28) is granted.

It is further ordered that Defendant Larry Williamson is dismissed from this case.

DATED THIS 25th Day of July 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE